IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAO TATNEFT<br><br>　　　　　Petitioner,<br><br>　-against-<br><br>UKRAINE<br><br>　　　　　Respondent. | Case No. |

### DECLARATION OF JONATHAN I. BLACKMAN IN SUPPORT OF PETITION TO CONFIRM ARBITRAL AWARD AND TO ENTER JUDGMENT IN FAVOR OF PETITIONER

JONATHAN I. BLACKMAN declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner at the law firm of Cleary Gottlieb Steen & Hamilton LLP, counsel for Petitioner PAO Tatneft, formerly OAO Tatneft ("Tatneft" or "Petitioner") in this action, and counsel for Tatneft in OAO Tatneft v. Ukraine, an arbitration between Tatneft and Ukraine conducted pursuant to the rules of the United Nations Commission on International Trade Law ("UNCITRAL") and seated in Paris, France (the "Arbitration").

2. I submit this declaration in support of Tatneft's Petition to Confirm Arbitral Award and to Enter Judgment in Favor of Petitioner (the "Petition"). The matters set

forth below are based upon my personal knowledge or, in the case of paragraphs 6 and 8, information provided to me by Tatneft, which I believe to be true and correct.

3. Attached hereto as Exhibit A is a certified copy of the Award on the Merits issued by the arbitral tribunal on July 29, 2014 (the "Final Award").

4. The Arbitration was conducted pursuant to Article 9 of the November 27, 1998 bilateral investment treaty between the Russian Federation and Ukraine (the "Russia-Ukraine BIT"), which provides for the resolution of disputes by an UNCITRAL arbitral tribunal. A certified translation of the Russia-Ukraine BIT is attached hereto as Exhibit B.

5. On August 27, 2014, Ukraine brought an action before the Court of Appeal of Paris, France (case no. 14/17964) to annul the Final Award and an earlier award by the arbitral tribunal confirming that it had jurisdiction over Tatneft's claims (the "Jurisdiction Decision"). On November 29, 2016, the Paris Court of Appeal rejected Ukraine's annulment request as meritless, finding that the arbitral tribunal was properly constituted and had jurisdiction, and that neither the Final Award nor the Jurisdiction Decision should be annulled. The court ordered Ukraine to pay Tatneft €200,000 in attorneys' fees and costs. On March 21, 2017, Ukraine filed a discretionary request to further appeal that decision to the French Court of Cassation, the highest court in the French judiciary, but without paying any part of the Final Award or Tatneft's costs in the earlier French appeal.

6. To date, Ukraine has not paid Tatneft the €200,000 in attorneys' fees and costs ordered by the Paris Court of Appeal.

7. On December 29, 2016, Tatneft sent a letter to Ukraine to demand payment of the amount specified in the Final Award. The letter noted that this amount totaled $142,670,000 as of that date, and if Ukraine failed to make payment by February 15, 2017, it

would "commence enforcement actions to compel Ukraine to comply with the Final Award." A true and correct copy of the December 29, 2016 letter is attached hereto as Exhibit C.

8. As of the date of this declaration, Ukraine has failed to make any payment to Tatneft of the amount specified in the Final Award.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 30, 2017 in New York, New York.

_____
Jonathan I. Blackman