**Exhibit 21**





# ВИЩИЙ ГОСПОДАРСЬКИЙ СУД УКРАЇНИ

## П О С Т А Н О В А
### І М Е Н Е М   У К Р А Ї Н И

"29" травня 2002 року                                  Справа    №28/198

**Колегія  суддів  Вищого господарського суду України  у складі:**

| | |
|---|---|
| **Головуючого  судді** | Кузьменка М.В., |
| **суддів** | Васищака І.М., |
| | Палій В.М., |
| **розглянувши** | касаційну  скаргу  Корпорації "Seagroup International, Inc" на постанову Київського апеляційного господарського суду від 14.03.2002р. |
| **у справі** | №28/198 господарського суду м.Києва |
| **за позовом** | Фонду державного майна України |
| **до відповідача** | Закритого акціонерного товариства "Транснаціональна фінансово-промислова нафтова компанія "Укртатнафта", |
| **до відповідача** | Корпорації  "Seagroup International, Inc" |
| **треті особи** | Закрите акціонерне товариство "Кременчуцька нафтова компанія", Акціонерне товариство "Татнафта", Відкрите акціонерне товариство "Татнафтохімінвестхолдінг" |
| **про** | визнання недійсною угоди |

### за участю представників:

**ФДМУ** – Шарапа М.О. за дов.№2 від 02.01.2002р.;

**Корпорації "Seagroup International, Inc"** –Храпай Ю.А. за дов. від 07.09.2001р.;

**ЗАТ "Укртатнафта"** - Винокуров В.В. за дов.№14/01-58 від 08.04.2002р.; Раченков В.О. за дов.№14/01-59 від 08.04.2002р.;

**ЗАТ "Кременчуцька нафтова компанія" –** не з'явилися;

**АТ "Татнафта"** – Частова О.С. за дов. від 08.11.2001р.;

**ВАТ "Татнафтохімінвестхолдінг"** – Частова О.С. за дов. від 21.11.2001р.

в с т а н о в и л а

Фонд державного майна України звернувся до господарського суду м.Києва з позовом про визнання недійсним доповнення №1 до контракту №1747/12 від 01.06.99р., який укладено ЗАТ "Транснаціональна фінансово-промислова компанія "Укртатнафта" та Корпорацією "Seagroup International, Inc",  на підставі ст.48 ЦК України, посилаючись на невідповідність його вимогам ст.ст.11,33 Закону України "Про господарські товариства", ст.12 Закону України "Про обіг векселів в Україні" (1т а.с.11-13)

До вирішення спору по суті заявлених вимог, позивач, скориставшись правом, наданим йому ст.22 ГПК України, доповнив позов вимогами про визнання недійсним контракту №1747/12 від 01.06.99р., посилаючись на невідповідність його вимогам Закону України "Про цінні папери та фондову біржу", Правил виготовлення і використання вексельних бланків, затверджених постановою Кабінету Міністрів України і Національного банку України від 10.09.92р. № 528, та зобов'язання ВАТ "Фінансова компанія "Укрнафтогаз" внести відповідні зміни до реєстру власників іменних паперів ЗАТ "Укртатнафта" (1т а.с.137-138).

Ухвалами від 29.10.2001р. та 22.11.2001р. до участі у справі в якості третіх осіб , що не заявляють самостійних вимог на предмет спору, на стороні відповідача залучено ЗАТ "Кременчуцька нафтова компанія", ВАТ "Татнафтохімінвестхолдінг", АТ "Татнафта" (1т. а.с.148-151).

Рішенням господарського суду м.Києва від 28.11.2001р.  заявлені вимоги задоволені у повному обсязі (1т а.с.176-180). Відповідно до прийнятого рішення визнано недійсними контракт №1747/12 від 01.06.99р. купівлі-продажу корпоративних прав у вигляді простих іменних акцій та угоду від 29.05.2000р про внесення доповнень №1 до вказаного контракту, які укладені між ЗАТ "Укртатнафта" та Корпорацією "Seagroup International, Inc"; зобов'язано ВАТ "Фінансова компанія "Укрнафтогаз" внести зміни до реєстру власників іменних цінних паперів ЗАТ "Укртатнафта", зареєструвавши ЗАТ "Укртатнафта" як власника пакету акцій у кількості 147535115шт., що становить 9,960% статутного фонду.

Приймаючи рішення у справі, суд першої інстанції виходив з того, що оспорювані контракт та доповнення №1 до нього не відповідають вимогам чинного законодавства, оскільки:

- оплата векселями простих іменних акцій суперечить ст.13 Закону України "Про господарські товариства", т.я. вексель, емітований засновником, посвідчує його обов'язок, а із змісту вказаної норми вбачається, що вкладами можуть бути виключно майно та майнові права засновників;
- передача векселя в рахунок оплати акцій суперечить Правилам виготовлення і використання вексельних бланків, затвердженим Кабінетом Міністрів України та Національним банком України від 10.09.92р. №528, Закону України "Про обіг векселів", які визначають, що векселі можуть видаватися лише для оплати за поставлену продукцію, виконані роботи та надані послуги;
- фактично внаслідок їх укладення відбулася зміна строків оплати акцій, встановлених п.5.5 договору про створення та діяльність та ст.ст.11,33 Закону України "Про господарські товариства".

Постановою Київського апеляційного господарського суду від 14.03.2002р.  рішення господарського суду м.Києва від 28.11.2001р. залишено без змін (2т а.с.48-51).

Не погоджуючись з прийнятим у справі судовими актами, Корпорація "Seagroup International, Inc" звернулася до Вищого господарського суду України з касаційною скаргою та  просить їх скасувати. У поданій касаційній скарзі скаржник вказує на порушення судом норм матеріального та

2

процесуального права при прийнятті оскаржуваних судових актів. Так, зазначає скаржник, суд не прийняв до уваги, що:

- відповідно до ст.ст.3,21 Закону України " Про цінні папери та фондову біржу" вексель є цінним папером, а цінний папір є видом майна, і ст.13 Закону України "Про господарські товариства" передбачає можливість використання цінних паперів в якості внеску до статутного фонду товариства;
- ст.2 Закону України "Про режим іноземних інвестицій" передбачає можливість здійснення іноземних інвестицій у вигляді цінних паперів;
- постанова Кабінету Міністрів України №528 від 10.09.92р., яким затверджено Правила виготовлення і використання вексельних бланків не може бути застосована, оскільки векселя, якими оплачувались акції, видані на території США, і порядок їх видачі регулюється законодавством держави векселедавця;
- право власності на  акції ЗАТ "Укртатнафта" позивач набув не в силу укладення оспорюваних угод, а відповідно до установчого договору про створення і діяльність  та статуту ЗАТ "Укртатнафта".

Також скаржник посилається на допущення судом порушень ст.48 ЦК України, що призвело до порушення його майнових прав, внаслідок застосування односторонньої реституції; порушення норм процесуального права при прийнятті даного спору до провадження, оскільки, в силу умов спірного контракту і договору про створення та діяльність ЗАТ "Укртатнафта", всі спори між акціонерами і акціонерами та ЗАТ "Укртатнафта", а також спори, що виникають за спірним контрактом або у зв'язку з ним, підлягають розгляду в Міжнародному комерційному арбітражному суді про Торгово-промисловій палаті України, у зв'язку з чим провадження у справі підлягало припиненню.

Крім того, у поданій скарзі скаржник звертає увагу на те, що спір розглянутий судом з порушенням територіальної підсудності господарських спорів, оскільки перший відповідач знаходиться на території США, а місцезнаходження другого відповідача – Полтавська область.

Позивач у справі – Фонд державного майна України відзив на касаційну скаргу суду не направив.

Другий відповідач – ЗАТ "Укртатнафта" у поданому відзиві на касаційну скаргу вважає викладені у ній доводи безпідставними, а прийняті судові акти такими, що відповідають нормам матеріального і процесуального права, у зв'язку з чим просить залишити їх без змін, а касаційну скаргу без задоволення.

Колегія суддів, приймаючи до уваги межі перегляду справи в касаційній інстанції, проаналізувавши на підставі фактичних обставин справи застосування норм матеріального і процесуального права при винесенні оспорюваного судового акту, знаходить касаційну скаргу такою, що підлягає задоволенню з таких підстав.

Судами першої та апеляційної інстанції при розгляді даної справи встановлено наступне.

01.06.99 ЗАТ "Укртатнафта" та Корпорацією "Seagroup International, Inc" укладено контракт купівлі-продажу №1747/12, предметом якого є оплатна

3

передача у власність Корпорації "Seagroup International, Inc" простих іменних акцій ЗАТ "Укртатнафта" у загальній кількості 147535115штук, номінальною вартістю 50коп. Загальна ціна акцій визначена п.2.2 договору і складає 35845132долларів США.  Відповідно до п.2.3 договору, сторони узгодь  порядок оплати акцій шляхом передачі емітованих Корпорацією "Seagroup International, Inc" векселів.

29 травня 2000р. цими ж сторонами укладено доповнення №1 до контракту №1747/12, яким визначено, що векселі, які передані за контрактом, можуть бути оплачені до 01 червня 2003р. поставками нафти на відповідну суму та змінено термін дії контракту до 01.06.2003р.

При вирішенні спору, що є предметом розгляду у даній справі, суд дійшов висновку щодо невідповідності даного контракту та доповнення до нього чинному законодавству. Разом з тим, з таким висновком суду не можна погодитись з наступних підстав.

Закрите акціонерне товариство "Транснаціональна фінансово-промислова нафтова компанія "Укртатнафта" створено  на підставі Указу Президента України від 29.11.94р. №704/94 та Указу Президента Республіки Татарстан "УП-883 від 13.12.94р., договору про створення та діяльність і  27.07.95р.

Засновниками вказаного товариства, в числі інших,  є Фонд державного майна України, якому належить частка в статутному фонді товариства у розмірі 43,054%, та  Корпорація "Seagroup International, Inc", частка якої в статутному фонді товариства визначена у розмірі 9,960%:

Відповідно до протоколу загальних зборів акціонерів ЗАТ "Укртатнафта" №4 від 10.06.99р., договору про створення та діяльність товариства, його статуту,  визначено, що Корпорація "Seagroup International. Inc"  оплачує акції ЗАТ "Укртатнафта" шляхом передачі цінних паперів, векселів.

Таким чином, засновниками товариства досягнуто згоди щодо оплати акцій товариства Корпорацією "Seagroup International. Inc"  шляхом внесення до статутного фонду товариства цінних паперів.

В силу ст.13 Закону України "Про господарські товариства", вклада  учасників та засновників товариства, зокрема, можуть бути цінні папери.

Відповідно до ст.3 Закону України "Про цінні папери і фондову біржу", одним з видів цінних паперів є векселі.

Закон України "Про обіг векселів України", на який посилається суд першої інстанції, ст.4 якого визначає, що векселі видаються для оформлення грошового боргу за фактично поставлені товари, виконані роботи, надані послуги та ст.12. якого забороняє використовувати векселі як внесок до статутного фонду господарського товариства, набув чинності лише 04.05.2001р. (з моменту опублікування в газеті "Урядовий кур'єр"), таким чином його положення не можуть розповсюджуватися на взаємовідносини сторін, які виникли раніше.

Таким чином, на момент укладення спірного контракту, чинним законодавством не заборонялась використання векселів в якості внеску о  статутного фонду господарського товариства, у зв'язку з чим висновок суд

4

першої та апеляційної інстанції щодо невідповідності вказаного контракту вимогам чинного законодавства безпідставний.

Як встановлено судом першої інстанції, відповідно до акту прийому-передачі від 02.06.99р. Корпорація "Seagroup International. Inc" передала, а ЗАТ "Укртатнафта" прийняла 36 векселів на загальну суму 35845132 долара США.

Передавши зазначені векселі ЗАТ "Укртатнафта", Корпорація "Seagroup International. Inc" тим самим виконала свої зобов'язання за спірним контрактом та договором про створення та діяльність ЗАТ "Укртатнафта", яке визначено як обов'язок оплатити акції товариства шляхом передачі, зокрема, цінних паперів в строк до 27.07.1999р.

Таким чином, в силу ст.216 ЦК України, зобов'язання по оплаті акцій Корпорації "Seagroup International, Inc" припинилось внаслідок його виконання.

Доповнення №1 до спірного контракту, яке укладено сторонами 29.05.2000р. є нічим іншим як угодою сторін (юридичним фактом), яка зумовила припинення зобов'язання Корпорації "Seagroup International, Inc" за векселями, які полягають у сплаті до 01.06.2000р. визначених векселями сум векселедержателям, внаслідок заміни їх іншим зобов'язанням – сплатити за векселями до 01.06.2003р. визначені ними суми векселедержателям.

Вказане доповнення не суперечить ст.33 Закону України "Про господарські товариства", п.5.5 договору про створення та діяльність, п.8.2 статуту, оскільки, як вже зазначалось вище зобов'язання по оплаті Корпорацією "Seagroup International, Inc" акцій виконано належним чином і в установлений строк, а безумовні зобов'язання за переданими векселями не пов'язані з правовідносинами, які виникли внаслідок придбання акцій товариства.

За таких обставин висновок суду про недійсність вказаного доповнення також необґрунтований.

Посилання Корпорації "Seagroup International, Inc" у поданій касаційній скарзі на те, що спір, що є предметом розгляду у даній справі не підвідомчий господарським судам України помилковий з огляду на наступне.

Контракт №1747/12 від 01.06.99р. містить арбітражне застереження, в силу якого будь-який спір, який виникає за даним контрактом або у зв'язку з ним підлягає передачі на розгляд і остаточне вирішення у Міжнародний комерційний арбітражний суд при Торгово-промисловій палаті України.

Разом з тим, вказані положення судом апеляційної інстанції вірно не взяті до уваги, оскільки угода щодо включення до спірного контракту арбітражного застереження досягнута між його сторонами – ЗАТ "Укртатнафта" та Корпорацією "Seagroup International, Inc" і не може бути розповсюджена на спір, що виник між зазначеними особами та особою, яка не є стороною укладеного контракту – Фондом державного майна України.

Положення договору про створення та діяльність ЗАТ "Укртатнафта" (ст.13), яке передбачає, що всі спірні питання між акціонерами або між акціонерами та ЗАТ "Укртатнафта" вирішуються шляхом переговорів, а у випадку неможливості вирішення спірного питання шляхом переговорів, воно підлягає розгляду в Міжнародному комерційному арбітражному суді при Торгово-промисловій палаті України, рішення якого є остаточним та

5

обов'язковим для сторін, також не можуть бути прийняті до уваги з наступних підстав.

Так, вказана стаття договору, містить арбітражне застереження щодо передачі спору на вирішення арбітражу, разом з тим безпосередньо не визначаючи, який саме спір може бути переданий на вирішення вказаному органу (спір, який виникає у зв'язку з цим договором, або за цим договором, включаючи його дійсність, або маються на увазі абсолютно усі спори, які виникнуть між суб'єктами договору або суб'єктами договору та товариством), що призводить до можливості різного тлумачення зазначеної угоди.

Враховуючи, що вказане застереження включено до договору про створення та діяльність ЗАТ "Укртатнафта", колегія суддів прийшла до висновку про те, що арбітражне застереження розповсюджується на спори, які виникають за даним договором. Оскільки спір, що є предметом розгляду у даній справі виник внаслідок укладення контракту №1747/12 від 01.06.99р. та доповнення №1 до нього від 29.05.2000р., арбітражне застереження, обумовлене договором про створення та діяльність ЗАТ "Укртатнафта", на нього не розповсюджується, у зв'язку з чим даний спір підвідомчий господарським судам України.

Щодо посилання скаржника на порушення правил територіальної підсудності даного спору, то колегія суддів погоджується з висновками суду апеляційної інстанції викладеними у постанові, що переглядається у касаційному порядку.

Враховуючи, що при здійсненні касаційного перегляду оспорюваних судових актів встановлено, що судами першої та апеляційної інстанції допущено порушення норм матеріального права, яке вплинуло на правильність вирішення судом спору по суті, рішення господарського суду м.Києва від 28.11.2001р. та постанова Київського апеляційного господарського суду від 14.03.2002р. підлягають скасуванню з прийняттям рішення про відмову у позові.

Понесені скаржником судові витрати у вигляді оплати апеляційної та касаційної скарг державним митом   у загальній сумі 85грн. підлягають відшкодуванню йому за рахунок позивача.

У випадку виконання рішення господарського суду м.Києва від 28.11.2001р., яке скасовується, в частині стягнення з відповідачів по 77 грн. судових витрат, останні не позбавлені права у  порядку, передбаченому ст.122 ГПК України, звернутися з заявою про поворот виконання рішення суду.

На підставі викладеного та керуючись  ст.ст.49, 111 [5], 111 [7], 111 [9] – 111 [11] ГПК України, колегія суддів

**П О С Т А Н О В И Л А :**

1. Касаційну скаргу Корпорації "Seagroup International, Inc" задовольнити.

2. **Рішення господарського суду м.Києва від 28.11.2001р. та постанову Київського апеляційного господарського суду від 14.03.2002р. у справі №28/198 господарського суду м.Києва скасувати.**

3. У позові відмовити.

6

4. В рахунок відшкодування понесених судових витрат у вигляді оплати апеляційної та касаційної скарг державним митом, стягнути з рахунку Фонду державного майна України на користь Корпорації "Seagroup International, Inc" 85грн.

5. Доручити видати наказ на виконання п.4 резолютивної частини вказаної постанови господарському суду м.Києва.

Головуючий                           Кузьменко М.В.

    Судді                               Васищак І.М.

                                   Палій В.М.

7

## Exhibit 21: English Translation

*Unofficial Translation*

**Judgment of the Higher Economic Court of Ukraine, Case No. 28/198 (May 29, 2002)**

"**HIGHER ECONOMIC COURT OF UKRAINE**

**RESOLUTION**
**IN THE NAME OF UKRAINE**

May 29, 2002                                                      Case No. 28/198

**The panel of judges of the Higher Economic Court of Ukraine consisting of**

| | |
|---|---|
| **Chief Justice** | M.V. Kuzmenko |
| **Judges** | I.M. Vasyschak |
| | V.M. Paliy |
| **examined** | a cassation appeal by Seagroup International, Inc against the Resolution of the Kyiv Economic Court of Appeal, dated March 14, 2002 |
| **in case** | No. 28/198 in the Kyiv Economic Court |
| **involving a claim by** | the State Property Fund of Ukraine |
| **against defendant** | Closed Joint Stock Company Transnational Financial Industrial Oil Company Ukrtatnafta |
| **against defendant** | Seagroup International, Inc |
| **third parties** | Closed Joint Stock Company Kremenchutska Naftova Kompaniya, |
| | Joint Stock Company Tatneft, and |
| | Open Joint Stock Company Tatneftekhiminvestholding |
| **for** | invalidation of an agreement |

**with the participation of the representatives of:**

**The State Property Fund of Ukraine** – M.O. Sharapa, acting by virtue of Power of Attorney No. 2, dated January 2, 2002;

**Seagroup International, Inc** – Y.A. Khrapay, acting by virtue of a Power of Attorney, dated September 7, 2001;

**CJSC Ukrtatnafta** – V.V. Vinokurov, acting by virtue of Power of Attorney No. 14/01-58, dated April 8, 2002, and V.O. Rachenkov, acting by virtue of Power of Attorney No. 14/01-59, dated April 8, 2002;

**CJSC Kremenchutska Naftova Kompaniya** – did not appear;

**JSC Tatneft** – O.S. Chastova, acting by virtue of a Power of Attorney, dated November 8, 2001;

**OJSC Tatneftekhiminvestholding** – O.S. Chastova, acting by virtue of a Power of Attorney, dated November 21, 2001

1

and

### found that

The State Property Fund of Ukraine brought a claim to the Kyiv Economic Court for invalidation of Supplement No. 1 to Contract No. 1747/12, dated June 1, 1999, entered into by and between CJSC Transnational Financial Industrial Oil Company Ukrtatnafta and Seagroup International, Inc by virtue of Article 48 of the Civil Code of Ukraine, referring to its non-compliance with the requirements of Articles 11 and 33 of the Law of Ukraine on Business Companies and Article 12 of the Law of Ukraine on Circulation of Bills of Exchange and Promissory Notes in Ukraine (Volume 1, case file sheets 11–13).

[stamp:]    JSC UKRTATNAFTA

Filed No. *5001*

*June 10*, 2002

Principal   document:   *11*

sheets   Enclosures:   —

sheets

Before determination of the dispute on the merits of the asserted claims, the plaintiff used the right given to it by Article 22 of the Economic Procedure Code of Ukraine and supplemented the claim with the claims to invalidate the Contract No. 1747/12, dated June 1, 1999, referring to its noncompliance with the requirements of the Law of Ukraine on Securities and Stock Exchange, the Rules for Manufacturing and Using Pre-printed Forms for Bills of Exchange and Promissory Notes approved by Resolution No. 528, dated September 10, 1992, of the Cabinet of Ministers of Ukraine and the National Bank of Ukraine, and to compel OJSC Finansova Kompaniya Ukrnaftogaz to make appropriate changes in the register of holders of registered securities of CJSC Ukrtatnafta (Volume 1, case file sheets 137–138).

In Rulings, dated October 29, 2001, and November 22, 2001, CJSC Kremenchutska Naftova Kompaniya, OJSC Tatneftekhiminvestholding, and JSC Tatneft were joined to the case as third persons on the side of the defendant stating no independent claims with regard to the subject of the dispute (Volume 1, case file sheets 148–151).

In a decision of the Kyiv Economic Court, dated November 28, 2001, the asserted claims were granted in full (Volume 1, case file sheets 176–180). Pursuant to the adopted decision, the Contract of Purchase and Sale of Participatory Rights in the Form of Ordinary Registered Shares No. 1747/12, dated June 1, 1999, and the Supplementing Agreement No. 1, dated May 29, 2000, to the said Contract, entered into by and between CJSC Ukrtatnafta and Seagroup international, Inc were invalidated; OJCS Finansova Kompaniya Ukrnaftogaz was compelled to make changes in the register of holders of registered securities of CJSC

Ukrtatnafta, registering CJSC Ukrtatnafta as the holder of a block of 147,535,115 shares which is equal to 9.960% of the charter fund.

The first instance court made a decision in the case proceeding on the basis that the challenged Contract and Supplement No. 1 thereto did not meet the requirements of the current laws so long as:

- paying in promissory notes for ordinary registered shares is contrary to Article 13 of the Law of Ukraine on Business Companies because a promissory note issued by a founder evidences its obligation and it is seen from the contents of the said provision that only the property and property rights of the founders may be contributed;

2

- transfer of a promissory note as a payment for shares is contrary to the Rules for Manufacturing and Using Pre-printed Forms for Bills of Exchange and Promissory Notes approved by Resolution No. 528, dated September 10, 1992, of the Cabinet of Ministers of Ukraine and the National Bank of Ukraine, and the Law of Ukraine on Circulation of Bills of Exchange and Promissory Notes, which set forth that bills of exchange and promissory may only be issued as a payment for products supplied, works performed, and services rendered;

- their execution actually resulted in a change in the time limits for payment for the shares fixed in Clause 5.5 of the agreement for establishment and operation and Articles 11 and 33 of the Law of Ukraine on Business Companies.

In a Resolution of the Kyiv Economic Court of Appeal, dated March 14, 2002, the decision of the Kyiv Economic Court, dated November 28, 2001, was upheld (Volume 2, case file sheets 48–51).

Disagreeing with the court orders issued in the case, Seagroup International, Inc filed a cassation appeal with the Higher Economic Court of Ukraine asking to reverse them. In the said cassation appeal, the appellant refers to violation by the court of the rules of substantive and procedural law when issuing the court orders appealed against. To wit, the appellant states, the court failed to take into account that:

- pursuant to Articles 3 and 21 of the Law of Ukraine on Securities and Stock Exchange a promissory note is a security and a security is a type of property and Article 13 of the Law of Ukraine on Business Companies provides for a possibility to use securities as a contribution to the charter fund of a company;

- Article 2 of the Law of Ukraine on Foreign Investment Regulation provides for a possibility to make foreign investments in the form of securities;

- Resolution of the Cabinet of Ministers of Ukraine No. 528, dated September 10, 1992, approving the Rules for Manufacturing and Using Pre-printed Forms for Bills of Exchange and Promissory Notes may not apply because the promissory notes used as a payment for the shares were issued within the territory of the USA and the procedure for their issue is governed by the legislation of the country of the maker of the promissory note;

- the plaintiff acquired the ownership of shares in CJSC Ukrtatnafta pursuant to the agreement for establishment and operation and the charter of CJSC Ukrtatnafta and not by virtue of the challenged agreements.

The appellant also refers to violations by the court of Article 48 of the Civil Code of Ukraine, which entailed violation of its property rights as a result of application of a unilateral restitution; violation of rules of procedural law when accepting this dispute for proceedings, because, pursuant to the terms and conditions of the disputed contract and the agreement for establishment and operation of CJSC Ukrtatnafta, all disputes between the shareholders, and the shareholders and CJSC Ukrtatnafta, as well as the disputes arising from, or in connection with, the disputed contract, shall be considered by the International Commercial Arbitration Court at the Chamber of Commerce and Industry of Ukraine and, accordingly, the proceedings in the case should have been terminated.

In addition, the appellant notes in the submitted appeal that the dispute was considered by the court in breach of the territorial jurisdiction over economic disputes because the first defendant is located within the territory of the USA and the second defendant is located in Poltava Region.

3

The plaintiff in the case, the State Property Fund of Ukraine, submitted no reply to the cassation appeal to the court.

The second defendant, CJSC Ukrtatnafta, in the submitted reply to the cassation appeal, believes that the arguments set forth therein are groundless and that the court orders issued are in compliance with the rules of substantive and procedural law and, accordingly, asks to uphold them and to deny the cassation appeal.

Taking into account the scope of revision of a case by a cassation court, having analyzed, based on the factual circumstances in the case, how the rules of substantive and procedural law were applied when issuing the challenged court order, the panel of judges finds that the cassation appeal shall be granted on the following grounds.

When considering this case, the court of first instance and the appellate court found as follows.

On June 1, 1999, CJSC Ukrtatnafta and Seagroup International, Inc entered into the contract of purchase and sale No. 1747/12, the subject matter of which was a paid transfer of the ownership of a total of 147,535,115 ordinary registered shares in CJSC Ukrtatnafta with a par value of 50 kopecks to Seagroup International, Inc. The total value of the shares is fixed in Clause 2.2 of the Contract and amounts to 35,845,132 US dollars. Pursuant to Clause 2.3 of the Contract, the Parties have agreed that the payment for the shares shall be made by transfer of promissory notes issued by Seagroup International, Inc.

On May 29, 2000, the same parties executed Supplement No. 1 to the Contract No. 1747/12 providing that the promissory notes transferred under the Contract may be paid before June 1, 2003, with supplies of oil worth the corresponding sum, and changing the duration of the Contract to June 1, 2003.

When determining the dispute being the subject of consideration in this case, the court came to the conclusion that the said Contract and the Supplement thereto did not comply

with the current laws. One cannot agree with this conclusion of the court, however, because of the following reasons.

Closed Joint Stock Company Transnational Financial Industrial Oil Company Ukrtatnafta was created pursuant to Decree of the President of Ukraine No. 704/94, dated November 29, 1994, and Decree of the President of the Republic of Tatarstan UP-883, dated December 13, 1994, and the agreement for establishment and operation, dated July 27, 1995.

The founders of the said company are, *inter alia*, the State Property Fund of Ukraine owning a 43.054% interest in the charter fund of the company and Seagroup International, Inc whose share in the charter fund of the company is fixed at 9.960%.

Pursuant to Minutes No. 4 of the General Meeting of Shareholders of CJSC Ukrtatnafta, dated June 10, 1999, the agreement for establishment and operation of the company and its charter, Seagroup International, Inc shall pay for the shares in CJSC Ukrtatnafta by transferring securities, promissory notes.

Thus, the founders of the company agreed that Seagroup International, Inc would pay for the company's shares by contributing securities to the charter fund of the company.

By virtue of Article 13 of the Law of Ukraine on Business Companies contributions of members and founders of a company may be made, *inter alia*, with securities.

According to Article 3 of the Law of Ukraine on Securities and Stock Exchange, promissory notes are one of the types of securities.

4

The Law of Ukraine on Circulation of Bills of Exchange and Promissory Notes in Ukraine, relied upon by the court of the first instance, Article 4 of which sets forth that bills of exchange and promissory notes are issued in order to formalize a pecuniary debt for goods, works, or services actually supplied, performed, or rendered, and Article 12 of which prohibits using bills of exchange and promissory notes as a contribution to the charter fund of a company, only became effective on May 4, 2001 (upon its publication in *Uryadoviy Kuryer* newspaper), thus its provisions may not apply to the relations between the parties that had arisen earlier.

Thus, at the time of execution of the disputed contract, the current laws did not prohibit the use of promissory notes as a contribution to the charter fund of a business company and, accordingly, the conclusion of the court of first instance and the appellate court that the said contract was not in compliance with the requirements of the current laws is groundless.

As established by the court of first instance, according to a certificate of delivery and acceptance, dated June 2, 1999, Seagroup International, Inc delivered, and CJSC Ukrtatnafta accepted, 36 promissory notes in the total amount of 35,845,132 US dollars.

Having transferred the said promissory notes to CJSC Ukrtatnafta, Seagroup International, Inc thus fulfilled its obligations under the disputed contract and the agreement for establishment and operation of CJSC Ukrtatnafta, defined as the duty to pay for the company's shares by transferring, *inter alia*, securities before July 27, 1999.

Thus, by virtue of Article 216 of the Civil Code of Ukraine, the obligation of Seagroup International, Inc to pay for the shares terminated as a result of its fulfillment.

Supplement No. 1 to the disputed contract executed by the parties on May 29, 2000, is nothing else than an agreement between the parties (a legal fact) that provided for termination of the obligation of Seagroup International, Inc under the promissory notes, which consisted in payment of the amounts fixed in the promissory notes to the holders of the promissory notes before June 1, 2000, as a result of their replacement with other obligations to pay, under the promissory notes, the amounts specified in the promissory notes to the holders of the promissory notes before June 1, 2003.

The said Supplement is not contrary to Article 33 of the Law of Ukraine on Business Companies, Clause 5.5 of the agreement for establishment and operation and Clause 8.2 of the charter because, as already mentioned above, the obligation that Seagroup International, Inc would pay for the shares was properly fulfilled within due time and the unconditional obligations under the transferred promissory notes are not connected with the legal relations that arose as a result of purchase of the company's shares.

Under such circumstances, the conclusion of the court concerning the invalidity of the said Supplement is also groundless.

The statement made by Seagroup International, Inc in the submitted appeal that economic courts of Ukraine have no jurisdiction over the dispute being the subject of consideration in this case is wrong because of the following.

The Contract No. 1747/12, dated June 1, 1999, contains an arbitration clause, by virtue of which any dispute arising from, or in connection with, the said Contract shall be referred for final determination by the International Commercial Arbitration Court at the Chamber of Commerce and Industry of Ukraine.

5

At the same time, the appellate court was correct in disregarding the said provisions, because the agreement to include an arbitration clause in the disputed contract was reached by its parties, CJSC Ukrtatnafta and Seagroup International, Inc and may not apply to a dispute arising between the said persons and a person not being a party to the made contract, the State Property Fund of Ukraine.

The provisions of the agreement for establishment and operation of CJSC Ukrtatnafta (clause 13) providing that all disputed matters between the shareholders, or between the shareholders and CJSC Ukrtatnafta shall be settled by way of negotiations, and should it be impossible to settle a disputed matter by way of negotiations, it shall be considered by the International Commercial Arbitration Court at the Chamber of Commerce and Industry of Ukraine whose decision will be final and binding upon the parties, cannot be taken into account, either, because of the following reasons.

Specifically, the said article of the agreement contains an arbitration clause about transferring a dispute to be resolved by an arbitral tribunal; at the same time, it does not determine directly which dispute, specifically, may be referred for consideration by the said body (a dispute arising in connection with the said agreement or from the said agreement, including its validity, or whether it means absolutely all disputes that may arise between the parties to the agreement or the parties to the agreement and the company), which results in different possible interpretations of the said agreement.

Taking into account that the said clause is included in the agreement for establishment and operation of CJSC Ukrtatnafta, the panel of judges arrived at the conclusion that the arbitration clause shall apply to the disputes arising from the said agreement. Since the dispute being the subject of consideration in this case arose as a result of entering into the Contract No. 1747/12, dated June 1, 1999, and Supplement No. 1 thereto, dated May 29, 2000, the arbitration clause provided in the agreement for establishment and operation of CJSC Ukrtatnafta shall not apply to this dispute, hence it shall be subject to the jurisdiction of economic courts of Ukraine.

As for the appellant's references to violation of the rules of territorial jurisdiction over this dispute, the panel of judges agrees with the conclusions of the appellate court set out in the resolution being subject to appellate revision.

Taking into account that it has been found, in the process of revision of the challenged court orders by the cassation court, that the court of first instance and the appellate court violated the rules of substantive law, which affected the correctness of determination of the dispute on the merits by the court, the Decision of the Kyiv Economic Court, dated November 28, 2001, and the Resolution of the Kyiv economic Court of Appeal, dated March 14, 2002, shall be reversed and a decision to deny the claim shall be issued.

The appellant shall be compensated for the court costs incurred by the appellant in the form of the stamp duty paid for the appeal and the cassation appeal in the total amount of 85 hrivnyas, at the expense of the plaintiff.

In the event of execution of the reversed decision of the Kyiv Economic Court, dated November 28, 2001, to the extent of collecting court costs in the amount of 77 hrivnyas from each defendant, the defendants shall not be deprived of the right to apply for restitution in respect of the enforcement of the decision of the court.

On the basis of the foregoing and by virtue of Articles 49, 111(5), 111(7), 111(9)–111(11) of the Economic Procedure Code of Ukraine, the panel of judges

## RESOLVED AS FOLLOWS:

6

1.  The cassation appeal of Seagroup International, Inc be granted.

2. The decision of the Kyiv Economic Court, dated November 28, 2001, and the Resolution of the Kyiv Economic Court of Appeal, dated March 14, 2002, in the case No. 28/198 in the Kyiv Economic Court be reversed.

3. The claim be denied.

4. 85 hrivnyas be collected from the account of the State Property Fund of Ukraine in favor of Seagroup International, Inc as compensation for the court costs incurred in the form of stamp duty for the appeal and the cassation appeal.

5. The Kyiv Economic Court be instructed to issue an ordinance concerning the enforcement of Paragraph 4 of the operative part of the said Resolution.

**Chief Justice**                                              **M.V. Kuzmenko**

**Judges**                                                **I.M. Vasyschak**

[seal]                           **V.M. Paliy**

[signature]                      [stamp]"