# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

PAO TATNEFT,

     Petitioner,

     v.

UKRAINE,

     Respondent.

Civil Action No. 17-582 (CKK)

## MEMORANDUM OPINION
(May 13, 2020)

This matter comes before the Court on Respondent Ukraine's [44] Motion for Leave for Supplemental Briefing relating to Ukraine's defenses to Pao Tatneft's pending [1] Petition to Confirm Arbitration Award ("Petition").[1] This Petition was fully briefed in mid-2018, but prior to this Court ruling on the Petition, Ukraine filed a motion to dismiss on jurisdictional grounds, and the case was stayed subsequently while Ukraine appealed from this Court's denial of its motion to dismiss. The stay was lifted after the Court of Appeals affirmed this Court's decision and issued its mandate, and as such, the Petition is again ripe for consideration by this Court. Recently, this Court requested that the parties file a Joint Status Report indicating whether there

---

[1] Considered by this Court in connection with this Memorandum Opinion are: the parties' [43] Jt. Status Rpt.; Ukraine's [44] Mot. for Leave for Supp. Briefing ("Ukraine's Mot."); Pao Tatneft's [45] Opp'n to Mot. for Leave for Supp. Briefing ("Tatneft's Opp'n); Ukraine's [46] Reply in support of Mot. for Leave for Supp. Briefing ("Ukraine's Reply"); and the entire record in this case. In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

are any new cases or law affecting the pending briefing on the Petition, or any new developments in the underlying arbitration proceeding.

The parties' [43] Joint Status Report indicates that Ukraine filed a motion for reinstatement of the French Court of Cassation proceeding, but Ukraine does not seek a further stay of this proceeding because of that motion, although it reserves its right to renew a motion for stay if and when the French Court of Cassation proceeding resumes. Jt. Status Rpt., ECF No. 43, at 1-2. The parties note that they are unaware of any new cases or law affecting the pending briefing. *Id.* at 2. Finally, the parties notify this Court of a decision in a parallel proceeding in the United Kingdom (the "UK") High Court denying one of Ukraine's challenges to enforcement of the Final Award. This challenge by Ukraine was brought under section 103(2)(e) of the UK Arbitration Act 1996, which implements Article V(1)(d) of the New York Convention. This UK ruling may be relevant to one of Ukraine's arguments against enforcement of the Petition in this case, *i.e.*, that the Court should refuse to recognize and enforce the Final Award pursuant to Article V(1)(d). Also pending before the High Court is Ukraine's challenge to enforcement of the Final Award under section 103(2)(d) of the UK Arbitration Act 1996, which implements Article V(1)(c) of the New York Convention. While Ukraine made no argument pursuant to Article V(1)(c) in response to the Petition in this case, Ukraine asks this Court now for permission to provide supplemental briefing on that issue.

Ukraine asserts that "[s]supplemental briefing on this ground would permit [it] to introduce an expert report submitted on January 31, 2020 in the UK proceedings explaining the illegality of the purported investments, and permit Ukraine to explain why the illegality of the investments requires refusing recognition of the Award under Article V(1)(c) of the New York

Convention." Ukraine's Motion, ECF No. 44, at 1. Pao Tatneft opposes Ukraine's request for

additional briefing, noting that:

> Ukraine seeks leave to file supplemental briefing regarding facts that occurred *in the 1990s* - specifically, the circumstances of Amruz's and Seagroup's initial investment in Ukrtatnafta - and the supposed implications of those facts for the arbitral jurisdiction of the Tribunal in the underlying arbitration, in which the Tribunal issued its Jurisdictional Decision *ten years ago* and rendered its Final Award in 2014.

Tatneft's Opp'n, ECF No. 45 at 4.

For the reasons set forth herein, Ukraine's [44] Motion for Leave for Supplemental

Briefing is DENIED.  A separate order accompanies this Memorandum Opinion.

## I. BACKGROUND

On March 30, 2017, PAO Tatneft filed its [1] Petition to Confirm Arbitral Award and to

Enter Judgment in Favor of Petitioner. PAO Tatneft seeks recognition and enforcement of the

Merits Award from *OAO Tatneft v. Ukraine*, an arbitration that was conducted under the auspices

of the Permanent Court of Arbitration ("PCA") pursuant to the 1976 Arbitration Rules of the

United Nations Commission on International Trade Law ("1976 UNCITAL Arbitration Rules")

and the 1998 Agreement between the Government of the Russian Federation and the Cabinet of

Ministers of Ukraine on the Encouragement and Mutual Protection of Investments ("Ukraine-

Russia BIT" or "BIT") seated in Paris, France.  PAO Tatneft seeks recognition and enforcement

of the Award pursuant to the 1958 Convention on the Recognition and Enforcement of Foreign

Arbitral Awards (the "New York Convention") and its implementing legislation, 9

U.S.C. Sections 201-208.

Initially, Ukraine sought a blanket stay in favor of set-aside proceedings in France.  *See*

Ukraine's [14] Motion to Stay the Recognition and Enforcement Proceeding During the

Pendency of a Foreign Set-Aside Proceeding.  By Minute Order dated July 10, 2017, this Court set a July 25, 2017 deadline for Ukraine to respond to PAO Tatneft's Petition. On July 25, 2017, Ukraine filed a [21] Motion to Dismiss as well as its [22] Opposition to the Petition, which raised the two New York Convention defenses.  On March 19, 2018, this Court denied Ukraine's Motion to Stay and Motion to Dismiss (and a motion by Ukraine for jurisdictional discovery). *See* Order, ECF No. 33 (also setting a deadline for PAO Tatneft's Reply to Ukraine's Opposition to its Petition) and accompanying Memorandum Opinion, ECF No. 34. PAO Tatneft filed its [35] Reply on April 16, 2016, and the following day, Ukraine filed an appeal from this Court's denial of its Motion to Dismiss. *See* Notice of Appeal, ECF No. 36. This Court stayed the instant case while Ukraine's interlocutory appeal was pending. *See* Order, ECF No. 40.

The Court of Appeals for the District of Columbia Circuit (the "D.C. Circuit") affirmed this Court's judgment denying Ukraine's Motion to Dismiss. *See* May 28, 2019 Judgment, ECF No. 42-1. Ukraine petitioned for rehearing and rehearing *en banc*, both of which were denied without an opinion. On November 8, 2019, Ukraine filed a petition for certiorari, which the Supreme Court denied on January 13, 2020.  Subsequent to the D.C. Circuit's issuance of its [42] Mandate, this Court directed the parties to file the aforementioned Joint Status Report, which  was filed on the same day that Ukraine filed the instant Motion for Leave for Supplemental Briefing, which is the subject of this Memorandum Opinion.

## II. GOVERNING LAW

Courts have the "discretion" to allow parties to supplement the record of a case and consider even forfeited arguments. *Owens v. Republic of Sudan*, 864 F.3d 751, 808 (D.C. Cir. 2017); *Marsh v. Johnson*, 263 F. Supp. 2d 49, 53-54 (D.D.C. 2003) (granting leave to supplement the record by filing two declarations to update an earlier declaration — based on

4

information that became available after the briefing on a motion to dismiss — to update an earlier declaration to demonstrate that some of the plaintiff's claims had already been satisfied). In *Marsh,* the Honorable Paul L. Friedman distinguished between motions to supplement pleadings, made pursuant to Fed. R. Civ. P. 15(d), which "encompass events that have occurred since the filing of earlier pleadings" and other motions to supplement that "rest on the court's discretion." *Marsh*, *id.* Supplemental filings may be permitted where they "would be helpful" to the Court, *see Eisner Infrastructure Limited v. Kingdom of Spain,* Civil Action No. 18-1696 (D.D.C. April 1, 2019 [Minute Order]) (Kollar-Kotelly, J.) (granting a motion for leave to file a supplemental brief in response to an amicus brief addressing events that occurred after the petitioner filed its last response and raising new arguments filed after the parties' briefing was completed). Supplemental filings may also be permitted "where doing so promotes the fair and efficient administration of justice." *Filiba v. Cochrane U.S.A, Inc.*, Civil Action No. 18-1428-EGS (D.D.C. December 3, 2018 [Minute Order]) (granting motion for leave to file supplemental memorandum of law and document based on recent discovery of document relevant to the case).

III. ANALYSIS

Ukraine seeks leave to file a supplemental brief concerning an additional basis for denying Tatneft's Petition to Confirm the arbitration award. Ukraine's Opposition asserts two grounds under the New York Convention for refusing recognition and enforcement of the Award, namely: (1) under Article V(1)(d) of the New York Convention, that the "composition of the arbitral panel was not in accordance with the agreement of the parties" because there was a failure to disclose some conflict on the part of the tribunal's president, and (2) under Article V(2)(b) of the New York Convention, that the recognition and enforcement of the award would be "contrary to the public policy of the United States because it would reward abuse of process

and the manipulation of corporate structure[.]"  Ukraine's Mot., ECF No. 44, at 4.  Notably, Ukraine's motion to add a third defense in this instant case follows the issuance of a decision by the UK High Court denying one of Ukraine's challenges to enforcement of the Final Award, which is similar to the aforementioned first challenge asserted in this case.  Ukraine appears to be hedging its bets by now asking for permission to add a third ground for refusing recognition and enforcement of the Award. Ukraine's proposed third defense  alleges that the award "deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration" under Article V(1)(c) of the New York Convention, insofar as the Award "deals with and disposes of a difference . . . pertaining to an "investment" that was illegal under Ukrainian law." *Id.*

Ukraine contends that this third ground is "factually related to Ukraine's [aforementioned] second ground for opposing recognition and enforcement of the Award" as the second ground focuses "on the outer layer of abuse and illegality by Tatneft itself" and the third ground "focuses on the inner layer . . . of illegality by Tatneft's proxies, Amruz and Seagroup" but the two grounds are "predicated on the same underlying facts."  Ukraine's Mot., ECF No. 44, at 4-5.  This Court notes however that the two defenses are predicated on different subsections of the New York Convention Articles, (V)(1)(c) and (V)(2)(b), and accordingly, this third defense is by no means a part and parcel of the second defense.

Pao Tatneft asserts that Ukraine "has no valid excuse for having waited two and a half years to raise an Article V(1)(c) objection" that it had the ability to raise in its opposition to Pao Tatneft's Petition, particularly where Ukraine discusses "no new law, no new facts, and no new evidence[.]"  Tatneft's Opp'n., ECF No. 45, at 10.  Pao Tatneft asserts that not only did Ukraine

fail to timely raise this argument in this Court but "Ukraine failed to raise this argument as a jurisdictional objection before the Tribunal (another clear forfeiture), and the Tribunal rejected the "illegal investment" argument at the merits stage."  Tatneft's Opp'n., ECF No. 45, at 5. Accordingly, PAO Tatneft contends that there is "no legitimate justification for the supplemental briefing Ukraine now contemplates, . . , which would both unnecessarily burden the Court and, by prolonging and adding to the costs of this dispute, materially prejudice Tatneft."  *Id.*  Ukraine acknowledges this potential prejudice to Tatneft but claims it is not material.  Ukraine's Reply, ECF No. 46, at 7.

Ukraine does not provide any reason for its failure to raise this proposed third defense in a timely manner, only noting that it "referred" to the alleged illegal acquisition of Ukrtatnafta shares in its Motion to Dismiss and it "mentioned" alleged collusion between Tatneft, Amruz, and Seagroup in its Opposition to the Petition. This Court notes that "references" and "mentions" do not constitute arguments that put the opposing party and the Court on notice.  In an exercise of its discretion, this Court denies Ukraine's request for additional briefing to add a third defense, of which it has been aware for years prior to the filing of Tatneft's Petition in this Court. Ukraine has requested the opportunity to provide supplemental briefing, and while the briefing schedule itself does not postpone a decision on this matter for a lengthy period of time, Ukraine has also proposed that this Court consider a 10-page single spaced expert report in support of its position, which refers to thirty exhibits, and which would likely necessitate Tatneft having to provide an expert report as well.  This Court is tasked with confirming or denying Tatneft's Petition for enforcement of an arbitration award as opposed to litigating this matter where there

has already been a detailed jurisdictional and merits determination made in connection with the

foreign arbitration proceeding.   A separate Order accompanies this Opinion.


_____/s/_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE